UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MEYER GROUP, LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-1945 (ABJ) |
| JAMES M. RAYBORN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

# ORDER

The parties' Joint Motion to Extend Scheduling Order [Dkt. # 46] is **GRANTED**. All discovery must be completed by July 9, 2021. The rest of the schedule set forth in the Court's Minute Order dated March 12, 2021 remains the same.

As to the other two pending motions, the Court continues to be quite dismayed by the inability of the attorneys in this case to resolve even the most minor disputes by speaking to each other directly, and by their ongoing failure to comply with the perfectly clear terms of the Scheduling Order [Dkt. # 24]. While the parties may harbor considerable animosity for each other, it is hard to fathom why the lawyers are unable to communicate, and the pettiness on display is not advancing the cause of either side.

Neither of the motions on the docket should have been filed without a prior discussion with the Court. But to get to the heart of the matter quickly, defendant Rayborn's Motion for Service of Subpoena [Dkt. # 45] is **DENIED**. There are absolutely no grounds for involving the US Marshal – who has significantly more weighty matters on his desk – in a purely routine civil case involving two private parties at this time. It is beyond the Court's comprehension that counsel for The Meyer Group will not accept a subpoena for the deposition of the organization's Senior Vice President, but if that is the case, Rayborn has made no showing as to why the problem has not been solved by the retention of a process server or why the Court's intervention is needed after the very short period of time the process server has been involved and trying to reach the evasive witness.

Defendant Rayborn's Motion for Leave to Continue Deposition [Dkt. # 47] is **DENIED** without prejudice as premature and because it was filed in contravention of the Scheduling Order. Rayborn may propound an interrogatory to plaintiff asking it to identify all persons with knowledge of the facts surrounding the allegation that Rayborn took a printout of the client list from Mr. Meyer's office, and plaintiff must respond completely within two business days. That response will bear on who needs to be deposed about the matter; it is not clear from the motion that the named deponent has any information to offer. Once the interrogatory has been answered, the Court expects the parties to meet and confer and schedule all necessary depositions or continued depositions, if any are indicated, and the Scheduling Order will continue govern the resolution of any disputes.

If the parties cannot function without the day to day supervision of the judiciary, the Court will refer the matter to a Magistrate Judge for the purpose of resolving discovery disputes. But given the extraordinary workload those judges are managing at this time, that will not expedite matters and it seems highly unnecessary.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: June 7, 2021