**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE MEYER GROUP, LTD., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> JAMES RAYBORN; and BROAD ) <br> STREET REALTY, LLC, ) <br> ) <br> *Defendants*. ) <br> ) | Case No. 19-cv-1945-ABJ |

### THE MEYER GROUP'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT JAMES RAYBORN'S FIRST SET OF INTERROGATORIES

Plaintiff The Meyer Group, Ltd., by and through counsel, hereby objects and responds to Defendant James Rayborn's First Set of Interrogatories as follows.

**INTERROGATORY NO. 1:** Identify each person who provided information for or participated in the preparation of the responses to these Interrogatories. For each such person, identify the specific Interrogatory or Interrogatories for which he or she provided information, the information he or she provided and whether that person has personal knowledge of the information set forth in the responses.

**Response**: TMG identifies the following individuals:

- William Meyer: Primary source of information for all responses and has personal knowledge of the information set forth in the responses.

**INTERROGATORY NO. 2:** State whether in answering any Interrogatory or Document Request you have failed to identify or produce any document, identification or production of which would have been responsive in any Interrogatory or Document Request, but which has been destroyed, lost, or otherwise disposed of intentionally or unintentionally, and if so identify

1

each document and all persons with knowledge of its disposal.

**Response**: TMG objects to this Interrogatory because TMG may not know if a responsive document was "destroyed, lost, or otherwise disposed of intentionally or unintentionally" and TMG does not maintain files dating to its founding in 1994.  Subject to and without waiving the foregoing objections, TMG is not aware of any documents which it has failed to identify or produce any identified document that would have been responsive but had been destroyed, lost, or otherwise disposed.

**INTERROGATORY NO. 3:**           Identify (including name, address, email, and phone number) all persons having personal knowledge of the facts or allegations referred to in the pleadings including the damages claimed, and state what knowledge or facts you understand or believe these persons to have.

**Response**: TMG identifies the following individuals.  TMG also reserves the right to call additional witnesses that are later identified, or call to testify any witness identified by another party:

> Current TMG personnel: The following individuals have knowledge about TMG's business, including its confidentiality and sales practices.  William Meyer has knowledge about all allegations in the Complaint.
>
> Client and former clients: The following clients and former clients of TMG have knowledge of Rayborn's attempts to solicit TMG's business and/or Rayborn's defamatory statements about TMG and William Meyer.
>
> - Integral LLC
>   Christopher Barrett
>   (202) 452-9738
>   1350 Connecticut Ave NW Suite 206
>   Washington, DC 20036

- Barnes Vanze Architects, Inc.
  Anthony S. Barnes
  Steve Vanze
  (202) 337-7255
  1000 Potomac Street NW Suite L-2
  Washington DC 20007
  abarnes@barnesvanze.com
  svanze@barnesvanze.com

- Council of Federal Home Loan Banks
  Keya Jackson
  (202) 955- 0002
  2120 L Street, NW, Suite 208
  Washington, DC 20037
  kjacksoncfhlb.org

- Republican Governors Association
  Erim Canligil
  (202) 662-4140
  1747 Pennsylvania Avenue, NW Suite 250
  Washington, DC 20006
  ecanligil@rga.org

- National Emergency Number Association
  Brian F. Fontes
  (202) 288-1115
  1700 Diagonal Road Suite 500
  Alexandria, VA 22314
  bfontes@nena.org

- Capital Performance Group, LLC
  Mary Beth Sullivan
  Claude Hanley
  (202) 425-6596
  1233 20th St NW Suite 450
  Washington, DC 20006
  msullivan@capitalperform.com
  chanley@capitalperform.com

- Bertram Law Group, PLLC
  Catherine D. Bertram
  (202) 803-5800
  1100 Vermont Avenue, NW Suite 500
  Washington, DC 20005
  katie@blg-dc.com

- Voorthuis Opticians, Inc.

3

- Albert Voorthuis
3301 New Mexico Avenue, NW
Washington, DC 20016
(202) 363-5087
klhaggazi@aol.com

- D+R International
David Steiner
1100 Wayne Avenue, NW Suite 700
Silver Spring, MD 20910
(301) 628-2044

- Wieneck Associates
Bradley Marson
(202) 349-0742
1100 Vermont Avenue, NW Suite 255
Washington, DC 20005
bmarson@wieneck-associates.com

- Feature Story News
Helen Searls
1730 Rhode Island Ave NW,
Suite 405,
Washington DC, 20036
searlsh@featurestory.com

- Georgia Tech Reseach Institute

- Interlink Capital Strategies

- Japan Society for the Promotion of Science

- National Cattlemen's Beef Association

- Redistrict

- Tata Sons, Inc.

- Wiencek Associates

- National Emergency Number Association

- APAICS

- Quality Education for Minorities Network (QEM)

- American Osteopathic Association

- Advanced Science and Technologies, LLC
- Bond Dealers of America
- Sonecon
- Steel Manufacturers Association
- AMFAR (Foundation for Aids Research)
- Environmental Integrity Project
- National Minority Quality Forum (NMQF)
- Business Council for International Understanding
- NHP Foundation
- Video Action
- Arms Control Association
- AT&T
- Brazilian Delegation/Mission
- Delphos
- Concentric Energy Advisors
- Tennessee Valley Authority
- Doug Patin

Broad Street: Broad Street personnel, including James Rayborn, Haze McCrary, Chloe Batsch, Ben Schiesl, Michael Jacoby, Telita Campbell, and those identified in Rayborn's and Broad Street's responses to TMG's First Set of Interrogatories, have knowledge of (i) Rayborn's unlawful solicitation of TMG's clients and theft of TMG's trade secrets and confidential information; (ii) Rayborn's and Broad Street's communications with and work for TMG's clients and former clients; (iii) commissions and other payments received by Broad Street and/or Rayborn in

5

connection with work performed for TMG's former clients, and (iv) the index cards, Rayborn's use of the index cards, and Rayborn's job duties at Broad Street.

<u>Commercial landlords and real estate companies:</u> The following entities have knowledge of (i) Rayborn's unlawful solicitation of TMG's clients and theft of TMG's trade secrets and confidential information, and (ii) Rayborn's and Broad Street's communications with and work for TMG's clients and former clients.

- McBride Real Estate
  Roy Ayers
  Marc Shandler
  (202) 463-6600
  McBride Real Estate 21 Dupont Circle Suite 700
  Washington, DC 20036
  roy@mcbrideres.com
  marc@mcbrideres.com

- Tishman Speyer
  Amber Hughes
  Deborah Allen
  Andrew Eichberg
  (202) 756-7417
  1875 Eye Street, NW
  Suite 1200
  Washington, DC 20006
  ahughes@tishmanspeyer.com
  DAllen@TishmanSpeyer.com
  aeichberg@tishmanspeyer.com

- Empire Leasing, Inc.
  Frank Gittelson
  202) 429-3737
  1627 K St NW,
  Washington, DC 20006
  frank@empireleasingpm.com

- Southern Management Companies / Station Center Associates
  Brendan Cassidy
  (703) 902-9400
  1950 Old Gallows Road, Suite 600
  Vienna, Virginia

<u>Other</u>

6

- Ned Goodwin has knowledge of TMG's co-broker relationship with Cushman & Wakefield and Cushman's confidentiality practices.

- Jessica McGunnigle has knowledge of TMG's Microsoft Access database.

**INTERROGATORY NO. 4:** Identify each person whom you expect to call as a fact and/or an expert witness at trial, state the subject matter on which the witness is expected to testify, state the substance of the findings and opinions to which the witness is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the witness, state the terms of the witness' compensation, and attach to your answers any available list of publications written by the expert and any written report made by the witness concerning the witness' findings and opinions.

**Response**: TMG objects to this Interrogatory as premature. TMG reserves the right to call all individuals listed in Interrogatory No. 3, individuals associated with the entities listed in Interrogatory No. 3, individuals identified by the other parties in the course of discovery, and other individuals yet to be identified in discovery. TMG reserves the right to call any witness for rebuttal or impeachment purposes, including witnesses not listed here, and witnesses listed here for other topics. TMG will disclose witnesses in line with pretrial deadlines set by the Court.

Subject to and without waiving the foregoing objections, TMG identifies the following witnesses:

**William J. Meyer**. William J. Meyer will testify about all the allegations in the Amended Complaint, including the Index Cards, TMG's Confidential Information and Rayborn's theft and misappropriation thereof, Rayborn's defamatory statements regarding

TMG and Meyer, Rayborn's relationship with and termination from TMG, and Rayborn's Independent Contractor Agreement and breach thereof.

**James Rayborn.** James Rayborn will testify about all of the allegations in the Amended Complaint, including TMG's Confidential Information and Rayborn's theft and misappropriation thereof, Rayborn's defamatory statements regarding TMG and Meyer, Rayborn's relationship with and termination from TMG, Rayborn's Independent Contractor Agreement and breach thereof, Rayborn's and Broad Street's communications with and work for TMG's clients and former clients, commissions and other payments received by Broad Street and/or Rayborn in connection with work performed for TMG's former clients, and the index cards, Rayborn's use of index cards, and Rayborn's job duties at Broad Street.

**Haze McCrary, Chloe Batsch, Benjamin Schiesl, and Michael Jacoby.** These witnesses will testify about Rayborn's and Broad Street's communications and/or agreements with and work for TMG's clients and former clients, commissions and other payments received by Broad Street and/or Rayborn in connection with work performed for TMG's former clients, Rayborn's use and misappropriation of TMG's Confidential Information, Rayborn's use of index cards, and Rayborn's hiring and job duties at Broad Street.

**Telita Campbell.** Telita Campbell will testify about Rayborn's use of the index cards.

**Doug Patin.** Doug Patin will testify about Rayborn's defamatory statements about TMG and Meyer.

**Ned Goodwin.** Ned Goodwin will testify about TMG's co-broker relationship with Cushman & Wakefield and Cushman's confidentiality practices.

**Jessica McGunnigle** will testify about TMG's Microsoft Access database.

**INTERROGATORY NO. 5:**         Identify each action or step TMG took during Mr.

Rayborn's tenure with TMG to protect the alleged "Confidential Information" identified in the Complaint.

**Response**: TMG took the following actions and steps to protect the "Confidential Information" identified in the complaint:

- TMG stored Confidential Information, including index/canvas cards and other physical copies of Confidential Information, on TMG premises.
- TMG took steps to secure its premises. Premises were locked, and keys were only distributed to TMG personnel. Premises were also monitored by security camera.
- TMG had the "Meyer Group" name printed on the Index Cards.
- TMG included provisions in its agreements with employees and independent contractors protecting against disclosure of confidential information, such as the provisions included in the 2018 Independent Contractor Agreement with Rayborn.
- As this lawsuit demonstrates, TMG seeks to enforce the terms of those agreements.
- Confidential client information was compiled and stored on a password-protected Microsoft database. Access to that database was limited to Mr. Meyer and TMG administrative personnel.
- TMG personnel regularly included Confidentiality Notices in email signatures.
- Upon Rayborn's termination in May 2018 and again in 2019, TMG instructed that Rayborn's office be locked, and in 2019, specifically instructed Rayborn to leave all materials at TMG's premises, and also instructed TMG personnel to monitor Rayborn's departure to ensure he did not leave with the Index Cards.
- Upon Rayborn's termination in 2019, TMG immediately terminated Rayborn's email access.

**INTERROGATORY NO. 6:** Paragraph 17 of the Complaint states that "TMG's Confidential Information included a Microsoft database containing information on past transactions with clients." Describe this database, including its size, scope, date of creation, who created it, who maintained it, how it was maintained, duration of use, and data contributors, and identify all individuals who had access to this database.

**Response**: The database is run on Microsoft software.  It was created approximately eight years ago and has been in use since then.  It is maintained by TMG administrative assistants under the supervision of William Meyer.  Access is currently limited to Meyer and Lauren Freligh.  The database contains confidential information about TMG clients, including leasing information such as the rent, square footage, and dates associated with leasing agreements.

**INTERROGATORY NO. 7:**   Paragraph 18 of the Declaration of William J. Meyer states that "At any given time, only one independent contractor at TMG had access to a shared Microsoft Access database that contained TMG's confidential information." State what "had access to" means in this context (i.e., was only one independent contractor able to reference thedata within the database at a given time?).

**Response**: As described above in response to Interrogatory No. 6, only Meyer and TMG administrative assistants under his supervision had access to the database.  Access means the ability to log into and view or edit the contents of the database.  Real estate agents or brokers typically did not have access to the database.  One former administrative assistant, Jessica McGunnigle, transitioned to become a real estate agent during her time at TMG.  For a certain period of time, she maintained a dual role, with administrative responsibilities, including access to the database, and real estate responsibilities.

**INTERROGATORY NO. 8:**   How did TMG monitor independent contractor access to the Microsoft Access database and in what format was monitoring documented?

**Response**: TMG objects that this Interrogatory is vague, as it is unclear what it means to "monitor . . . access."  Subject to and without waiving the foregoing, as described above in response to Interrogatories Nos. 6 and 7, access to the database was limited to Meyer and administrative assistants under his supervision.  The database's administrative portal

10

controlled who had authorization to access the database.

**INTERROGATORY NO. 9:** Paragraph 27 of the Complaint alleges that "Rayborn breached the terms of the ICA by misappropriating and disclosing confidential and proprietary information concerning TMG's clients and prospective clients. Identify the TMG clients and prospective clients whose information You allege Mr. Rayborn misappropriated and/disclosed.

**Response**: TMG objects to this Interrogatory on the grounds that Rayborn has ready access to the relevant information and TMG cannot know which of its confidential and proprietary information was misappropriated and disclosed by Rayborn. Subject to and without waiving the foregoing, TMG believes the list may include the following clients, among others yet to be identified:

- Integral LLC
- Barnes Vanze Architects, Inc.
- National Emergency Number Association
- Capital Performance Group, LLC
- Bertram Law Group, PLLC
- Voorthuis Opticians, Inc.
- D+R International
- Wieneck Associates
- Feature Story News
- Georgia Tech Reseach Institute
- Interlink Capital Strategies
- Japan Society for the Promotion of Science
- National Cattlemen's Beef Association
- Redistrict
- Tata Sons, Inc.
- Wiencek Associates
- National Emergency Number Association
- APAICS
- Quality Education for Minorities Network (QEM)
- American Osteopathic Association
- Advanced Science and Technologies, LLC
- Bond Dealers of America
- Sonecon
- Steel Manufacturers Association
- AMFAR (Foundation for Aids Research)

11

- Environmental Integrity Project
- National Minority Quality Forum (NMQF)
- Business Council for International Understanding
- NHP Foundation
- Video Action
- Arms Control Association
- AT&T
- Brazilian Delegation/Mission
- Delphos
- Concentric Energy Advisors
- Tennessee Valley Authority

**INTERROGATORY NO. 10:** Paragraphs 10-11 of the Declaration of William J. Meyer states that, "Barreuta considered index cards created during Rayborn's tenure at Barreuta to be confidential trade secrets… Consequently, Barreuta filed a claim against TMG and Rayborn asserting that Rayborn had misappropriated Barreuta's trade secrets." Please state:

    a. The nature of this claim;

    b. The title of the action;

    c. The court where said complaint was filed and case number; and

    d. The date said complaint was initiated.

**Response**: TMG objects to this Interrogatory on the basis that Rayborn has equal access to any such documents, as TMG believes he was also a party to the suit.  TMG further objects to this Interrogatory as seeking information not within TMG's possession, custody, or control.  TMG further objects to this Interrogatory as unduly burdensome.  TMG believes the action occurred in or around 1994, and TMG will have significant difficulty in tracking down information from 27 years ago, given the passage of time, changes in personnel, and changes in filing systems.  The relevance to the present suit is minimal compared to the cost of locating any potential responsive information.

    Subject to and without waiving the foregoing objections, TMG believes the suit

concerned allegations regarding whether Barrueta, Inc. properly paid amounts owed to Mr. Meyer regarding client work.  TMG believes the suit was initiated in or around 1994.  The suit was titled William J. Meyer, *et al.*, v. Barrueta, Inc., *et al.*, C.A. #94CA010939, D.C. Superior Court.

**INTERROGATORY NO. 11:**   For the following clients/customers, please state the nature and duration of any exclusive agreements with TMG, and identify the primary point of contact between each organization and TMG:

  a. Integral, LLC

  b. Barnes Vanze Architects, Inc.

  c. FHL Banks

  d. Republican Governors Association

  e. The National Emergency Number Association

  f. Capital Performance Group, LLC

  g. Bertram Law Group, PLLC

**Response**: TMG identifies the following agreement details.  Points of contact are identified in response to Interrogatory No. 3.

- Integral, LLC: Exclusive representation agreement, dated May 2, 2011, relating to assisting Integral in obtaining a lease in the Washington, D.C. metro area, for a term of one year to be continued on a month-to-month basis.

- Barnes Vanze Architects, Inc.: TMG does not allege in the Amended Complaint that Barnes Vanze was operating under an exclusive agreement at the time Defendants induced it to terminate its relationship with TMG.

- FHL Banks: Exclusive representation agreement, dated October 10, 2018, relating to assisting FHL Banks in negotiating a lease, for a term of one year.

- Republican Governors Association: Exclusive representation agreement, dated June 17, 2009, relating to assisting RGA in obtaining a lease in the

- Washington, D.C. metro area, for a term of one year to be continued on a month-to-month basis.

- The National Emergency Number Association: Exclusive representation agreement, dated October 28, 2010, relating to assisting NENA in obtaining a lease in the Washington, D.C. metro area, for a term of one year to be continued on a month-to-month basis.

- Capital Performance Group, LLC: TMG does not allege in the Amended Complaint that CPG was operating under an exclusive agreement at the time Defendants induced it to terminate its relationship with TMG.

- Bertram Law Group, PLLC: TMG does not allege in the Amended Complaint that Bertram was operating under an exclusive agreement at the time Defendants attempted to induce it to terminate its relationship with TMG.

**INTERROGATORY NO. 12:** Identify and describe the damages You are alleging that Plaintiff has incurred due Mr. Rayborn's alleged breach of contract as described in Count I of the Complaint, as partially dismissed by the Court.

**Response**: TMG objects to this Interrogatory as premature as TMG cannot fully compute its damages at this time because Defendants are in exclusive possession of information necessary to calculate TMG's damages, and discovery is ongoing. Subject to and without waiving the foregoing objection, TMG identifies the following categories of damages:

- Compensatory damages in an amount to be proven at trial, together with pre-and post-judgment interest, including commissions received by Broad Street and Rayborn in connection with leasing transactions identified on Broad Street's documents BSR_0000038 and BSR0073909; commissions received from transactions with Quality Education for Minorities Network, and any other commissions received in connection with leasing transactions with tenants identified on TMG's April 20, 2021 Client List or identified in response to Interrogatory 9;

14

- Punitive damages in an amount to be proven at trial, together with pre-and post- judgment interest;

- Attorneys' fees and litigation costs, to be paid by Defendants in accordance with Section 9 of the ICA; and

- All other damages and awards TMG may be entitled to at law or equity.

**INTERROGATORY NO. 13:** Identify and describe the damages You are alleging that Plaintiff has incurred due Mr. Rayborn's alleging misappropriation of the Confidential Information as described in Counts III and VI of the Complaint.

**Response**: TMG objects to this Interrogatory as premature as TMG cannot fully compute its damages at this time because Defendants are in exclusive possession of information necessary to calculate TMG's damages, and discovery is ongoing.  Subject to and without waiving the foregoing objection.  Subject to and without waiving the foregoing, TMG identifies the following damages:

- Damages based on actual loss, unjust enrichment, and royalties pursuant to 18 U.S.C. § 1836(b)(3)(B) and D.C. Code § 36-403(a), including those commissions identified above in response to Interrogatory No. 12, in an amount to be proven at trial, together with pre-and post- judgment interest in an amount to be proven at trial, together with pre-and post- judgment interest;

- Exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C) and D.C. Code § 36-403(b), in an amount to be proven at trial, together with pre-and post- judgment interest;

- Attorneys' fees and litigation costs, to be paid by Defendants in accordance with Section 9 of the ICA and in accordance with 18 U.S.C. § 1836(b)(3)(D) and D.C. Code § 36-404(3); and

- Presumed damages in the amount of $1,000,000 or an amount to be proven at trial, together with pre- and post-judgment interest, for defamation and/or defamation per se.

- All other damages and awards TMG may be entitled to at law or equity.

Date: July 7, 2021

                                      Respectfully submitted,

                                      **AEGIS LAW GROUP LLP**

By:   /s/ *Serine Consolino*
        Serine R. Consolino (D.C. Bar No. 1033847)
        Branden Lewiston (D.C. Bar No. 252550)
        801 Pennsylvania Ave., N.W.
        Suite 740
        Washington, D.C. 20004
        Tel: (202) 737-3500
        Fax: (202) 737-3330

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, I caused the foregoing document to be served via email on the following:

Denise M. Clark
Jeremy Greenberg
Clark Law Group, PLLC
1100 Connecticut Ave., Suite 920
Washington, DC 20036
dmclark@benefitcounsel.com
jgreenberg@benefitcounsel.com
*Counsel for Defendant James Rayborn*

Lane Mills Hornfeck
Shulman Rogers
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
lhornfeck@shulmanrogers.com
*Counsel for Defendant Broad Street Realty LLC*

                                                        /s/ Serine Consolino

## VERIFICATION OF INTERROGATORY RESPONSES

I, William Meyer, President of The Meyer Group, believe, based on reasonable inquiry, that the foregoing response are true and correct to the best of my knowledge, information, and belief.

I verify under the penalty of perjury that the foregoing is true and correct.

July 7, 2021

_____
William Meyer