**Archived:** Monday, February 7, 2022 10:02:18 AM
**From:** Denise Clark
**Mail received time:** Tue, 25 Jan 2022 19:25:06
**Sent:** Wed, 26 Jan 2022 00:24:56
**To:** Lane Hornfeck
**Subject:** FW: TMG v. Rayborn - Discovery Call
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
Index Cards - Unknown Names.xlsx;

*Denise*

_____

**Denise M. Clark**
**Clark Law Group, PLLC**
1100 Connecticut Ave., NW, Suite 920
Washington, D.C. 20036
**Tel:** 202.293.0015 ext 101  **| Direct Dial:**  202.655.2239

---

**From:** Branden Lewiston <blewiston@aegislawgroup.com>
**Sent:** Thursday, June 03, 2021 3:31 PM
**To:** Jeremy Greenberg <jgreenberg@benefitcounsel.com>
**Cc:** Denise Clark <dmclark@benefitcounsel.com>; Lane Hornfeck <LHornfeck@shulmanrogers.com>; Serine Consolino <sconsolino@aegislawgroup.com>
**Subject:** Re: TMG v. Rayborn - Discovery Call

Jeremy,

Regarding the handwriting on the index cards, we compiled a list (attached) of the cards for which we cannot identify with confidence the name of the client on the card.  As discussed, for now we are just seeking the name of the entity on the card rather than all the other content.

Thank you,
Branden

---

**From:** "Jeremy Greenberg" <jgreenberg@benefitcounsel.com>
**To:** "Serine Consolino" <sconsolino@aegislawgroup.com>
**Cc:** "Denise Clark" <dmclark@benefitcounsel.com>, "Lane Hornfeck" <LHornfeck@shulmanrogers.com>, "Branden Lewiston" <blewiston@aegislawgroup.com>
**Sent:** Wednesday, June 2, 2021 7:44:12 PM
**Subject:** RE: TMG v. Rayborn - Discovery Call

Serine,
Below I have copied the text of your itemized points in your emails today at 2:26 and 2:49 and my responses are in bold.

1. You have not produced Index Cards relating to clients on TMG's client list which were created after Mr. Rayborn left TMG. We think Judge Jackson was clear on this point, and we believe that you are violating her Order by not producing these cards.
**The Judge's minute order expressly states that Mr. Rayborn is to produce cards that Rayborn used, created, or possessed <u>before</u> he left plaintiff.**
**Are you of the belief under item 2 of the minute order that Rayborn is to produce cards that include entities that were on your April 20 list without regard to when they were created?**

2. You have still not provided us with complete answers to Interrogatories 9, 11, and 23; nor have You provided with a list of all clients Mr. Rayborn has represented since joining Broad Street. First, we have identified several such clients in Broad Street's most recent production -- received Friday night -- which were not on Mr. Rayborn's list. These are TMG clients which Broad Street has, at minimum, signed exclusive representation agreements with.  See, e.g., BSR0069004; BSR0052913; BSR0071318.
Second, you have failed to explain to us your basis for not including Integral on that list -- when Broad Street plainly represented Integral in connection with a leasing agreement signed last May. In advance of tomorrow's call with Judge Jackson, please provide us with an explanation of why Integral was excluded from Rayborn's disclosure.
We note that once we have a complete list from you of those clients, we will produce our exclusives with respect to those clients.
**Mr. Rayborn had pitch meetings with entities on your April 20 list, such as Integral, which have been identified in response to Interrogatory No. 13.  Once Mr. Rayborn arranged for a pitch meeting and an entity signed with Broad Street, Mr. Rayborn generally would not make "efforts to secure a leased premise, leasing agreement, or an extensions, renewals, or amendments to a leasing agreement," which is what you defined as "represented."  Although Mr. Rayborn was listed on exclusive representation agreements, Mr. McCrary was generally the one who secured a leased premise, leasing agreement, or an extensions, renewals, or amendments to a leasing agreement. Where there is an exception to this general practice, the entity has been identified.**

3. We had initially expected to raise the issue of your apparent failure to search Rayborn's personal email accounts for responsive documents. If you can confirm before tomorrow's call that you have searched for communications between Rayborn and Broad Street (and, of course, its representatives) prior to and including January 2019, we will not raise this issue with Judge Jackson.
**Confirmed. You may download these additional communications from the below link.**

4. The following index cards have have been produced with an obstruction, without an apparent duplicate sans obstruction: Rayborn020592, Rayborn020593, Rayborn020594, Rayborn020669, Rayborn020670, Rayborn020673, Rayborn020674. Please produce these Index Cards without an obstruction.
**You may download Rayborn020594-A (unobstructed Rayborn020592, Rayborn020593, Rayborn020594) and Rayborn020674-A (unobstructed Rayborn020674) from the link below.  We will get back to you regarding Rayborn020669/Rayborn020670 and Rayborn020673.**

5. The redactions on the text messages you have produced sometimes appear in the middle of conversations and generally obscure the context and meaning of the conversations. Federal courts generally disfavor redactions based on "relevance," especially when there is a confidentiality order in place. See Krausz Industries, Ltd v. Romac Industries, Inc., 2011 WL 13100750, at *3 (W.D. Wash. 2011) ("The Court is persuaded by cases that hold that unilateral redactions on the basis of irrelevance or non-responsiveness is improper.").  Thus, before tomorrow, please confirm whether you will re-produce the text messages without redactions.
**We will produce an excel spreadsheet of the text messages responsive to your requests so that you can read them unobstructive.  The texts that have been redacted are of a personal nature that are not responsive to your requests.**

One more item: with respect to the handwriting issue, we propose the following compromise. Would you agree to identify the name of the client on all the index cards in your production, and associated Bates number?

About 20 of the cards produced have business cards attached to them.  We understand that Mr. Rayborn does not have the clearest of handwriting, but generally speaking you can see what the entity is on the other cards.  We therefore request that you take the first step of identifying what cards you cannot read.  We can either identity them for you or ask our client to do so.

Supplemental production link:
https://denisemclark.sharefile.com/d-sf357181dadf64181a224c3d45b7d912a

---

**From:** Serine Consolino <sconsolino@aegislawgroup.com>
**Sent:** Wednesday, June 2, 2021 2:26 PM
**To:** Jeremy Greenberg <jgreenberg@benefitcounsel.com>
**Cc:** Denise Clark <dmclark@benefitcounsel.com>; Lane Hornfeck <LHornfeck@shulmanrogers.com>; Branden Lewiston <blewiston@aegislawgroup.com>
**Subject:** Re: TMG v. Rayborn - Discovery Call

Jeremy,

Thank you for your email. Here are the issues we plan on raising on tomorrow's call:

1. You have not produced Index Cards relating to clients on TMG's client list which were created after Mr. Rayborn left TMG.  We think Judge Jackson was clear on this point, and we believe that you are violating her Order by not producing these cards.

2. You have still not provided us with complete answers to Interrogatories 9, 11, and 23; nor have You provided with a list of all clients Mr. Rayborn has represented since joining Broad Street. *First*, we have identified several such clients in Broad Street's most recent production -- received Friday night -- which were not on Mr. Rayborn's list. These are TMG clients which Broad Street has, at minimum, signed exclusive representation agreements with. *See, e.g.,* BSR0069004; BSR0052913; BSR0071318.

*Second*, you have failed to explain to us your basis for not including Integral on that list -- when Broad Street plainly represented Integral in connection with a leasing agreement signed last May. In advance of tomorrow's call with Judge Jackson, please provide us with an explanation of why Integral was excluded from Rayborn's disclosure.

We note that once we have a **complete** list from you of those clients, we will produce our exclusives with respect to those clients.

3. We had initially expected to raise the issue of your apparent failure to search Rayborn's personal email accounts for responsive documents. If you can confirm before tomorrow's call that you have searched for communications between Rayborn and Broad Street (and, of course, its representatives) prior to and including January 2019, we will not raise this issue with Judge Jackson.

4. The following index cards have have been produced with an obstruction, without an apparent duplicate sans obstruction: Rayborn020592, Rayborn020593, Rayborn020594, Rayborn020669, Rayborn020670, Rayborn020673, Rayborn020674. Please produce these Index Cards without an obstruction.

5. The redactions on the text messages you have produced sometimes appear in the middle of conversations and generally obscure the context and meaning of the conversations. Federal courts generally disfavor redactions based on "relevance," especially when there is a confidentiality order in place. *See Krausz Industries, Ltd v. Romac Industries, Inc.*, 2011 WL 13100750, at *3 (W.D. Wash. 2011) ("The Court is persuaded by cases that hold that unilateral redactions on the basis of irrelevance or non-responsiveness is improper."). Thus, before tomorrow, please confirm whether you will re-produce the text messages without redactions.

I am available to discuss further at your convenience. If we can resolve these issues before the call with Judge Jackson, we are of course willing to dispense with tomorrow's conference.

Thank you,
Serine

Serine Consolino
**ægis** law group LLP
Market Square West - Suite 740
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

T: 202 706 7031
M: 281 610 1141

---

**From:** "Jeremy Greenberg" <jgreenberg@benefitcounsel.com>
**To:** "Serine Consolino" <sconsolino@aegislawgroup.com>, "Denise Clark" <dmclark@benefitcounsel.com>, "Lane Hornfeck" <LHornfeck@shulmanrogers.com>, "Branden Lewiston" <blewiston@aegislawgroup.com>
**Sent:** Tuesday, June 1, 2021 9:22:30 PM
**Subject:** TMG v. Rayborn - Discovery Call

Serine,
I am emailing to ask that you confirm what issues you still believe need Court intervention in our call scheduled for Thursday.

Based on the starred discovery responses you submitted to the Court, it appears you have concerns regarding:
- Mr. Rayborn's production of index cards
- Mr. Rayborn's production of communications to "TMG Clients"
- Your revised request regarding Interrogatories 9, 11, and 23, that Mr. Rayborn identify entities from your April 20, 2021 list that Mr. Rayborn, on behalf of Broad Street, has represented.

On May 28, 2021, before you emailed the Court, I responded to Mr. Lewiston's email requesting certain clarification about these and other topics (attached). Please provide us with more specifics regarding your dispute in advance of Thursday's call so that we can have a productive conversation.

This evening I have reviewed Mr. Rayborn's gmail account and confirmed that there are no communications to/from any "TMG client" from your April 20 list after the end of his work at TMG. There are some communications to/from Mr. Meyer and to/from Broad Street that appears to already have been produced by the other parties. We will also produce them.

?????
_____
**Jeremy Greenberg| Associate***
**Clark Law Group, PLLC**

1100 Connecticut Ave., NW, Suite 920
Washington, D.C. 20036
**Tel:** 202.293.0015 **| Fax:** 202.293.0115
**Web:** www.clarklaw-group.com
**Email:** jgreenberg@benefitcounsel.com
*Admitted to practice law in Virginia and the District of Columbia.

This message and its attachments have been sent from a law firm and may contain information that is confidential and protected by attorney-client privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately. To ensure compliance with requirements imposed by U.S. Treasury Regulations, Clark Law Group, PLLC informs you that any advice concerning the Internal Revenue Code that may be contained in this communication or its attachments, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Bates Numbers**
Rayborn020327
Rayborn020328 (bottom)
Rayborn020329
Rayborn020331
Rayborn020332
Rayborn020333
Rayborn020334
Rayborn020339
Rayborn020342
Rayborn020348
Rayborn020349
Rayborn020351
Rayborn020353
Rayborn020355
Rayborn030358
Rayborn020360
Rayborn020361
Rayborn020362
Rayborn020364
Rayborn020365
Rayborn020366
Rayborn020369
Rayborn020370
Rayborn020372
Rayborn020373
Rayborn020374
Rayborn020375
Rayborn020376
Rayborn020378
Rayborn020380
Rayborn020381
Rayborn020382
Rayborn020383
Rayborn020386
Rayborn020388
Rayborn020389
Rayborn020390
Rayborn020394
Rayborn020396
Rayborn020397
Rayborn020398
Rayborn020401

Rayborn020402
Rayborn020403
Rayborn020404
Rayborn020405
Rayborn020407
Rayborn020408
Rayborn020416
Rayborn020417
Rayborn020418
Rayborn020419
Rayborn020420
Rayborn020421
Rayborn020422
Rayborn020426
Rayborn020428
Rayborn020430
Rayborn020432
Rayborn020433
Rayborn020434
Rayborn020436
Rayborn020437
Rayborn020438
Rayborn020439
Rayborn020440
Rayborn020441
Rayborn020443
Rayborn020444
Rayborn020445
Rayborn020447
Rayborn020448
Rayborn020449
Rayborn020451
Rayborn020455
Rayborn020459
Rayborn020460
Rayborn020461
Rayborn020462
Rayborn020463
Rayborn020464
Rayborn020465
Rayborn020466
Rayborn020467
Rayborn020471

Rayborn020475
Rayborn020476
Rayborn020477
Rayborn020482
Rayborn020483
Rayborn020484
Rayborn020485
Rayborn020491
Rayborn020492
Rayborn020493
Rayborn020494
Rayborn020495
Rayborn020496
Rayborn020498
Rayborn020499
Rayborn020500
Rayborn020501
Rayborn020502
Rayborn020506
Rayborn020512
Rayborn020513
Rayborn020514
Rayborn020517
Rayborn020516
Rayborn020519
Rayborn020520
Rayborn020522
Rayborn020523
Rayborn020524
Rayborn020525
Rayborn020526
Rayborn020528
Rayborn020529
Rayborn020532
Rayborn020534
Rayborn020536
Rayborn020537
Rayborn020538
Rayborn020539
Rayborn020541
Rayborn020543
Rayborn020544
Rayborn020545

Rayborn020549
Rayborn020550
Rayborn020551
Rayborn020552
Rayborn020554
Rayborn020555
Rayborn020556
Rayborn020557
Rayborn020562
Rayborn020563
Rayborn020565
Rayborn020566
Rayborn020567
Rayborn020568
Rayborn020569
Rayborn020570
Rayborn020574
Rayborn020575
Rayborn020581
Rayborn020582
Rayborn020583
Rayborn020588
Rayborn020599
Rayborn020602
Rayborn020621-23
Rayborn020639
Rayborn020641
Rayborn020642
Rayborn020648
Rayborn020657-64
Rayborn020671
Rayborn020672
Rayborn020594-A
Rayborn020674-A